UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-11682
                                                   Chapter 7
ROOSEVELT NORMAN,

      Debtor.

ROOSEVELT NORMAN,                                  Adv. Pro. No. 06-1133

      Plaintiff,

  v.

APPLIED CARD SYSTEMS, INC. and
CROSS COUNTRY BANK, INC.,

      Defendants.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the "Motion to dismiss and Motion to compel Arbitration," (Doc. 6), which was filed by Defendant Applied Card Systems, Inc., successor in interest to Cross County Bank, Inc. The parties have filed briefs. (Docs. 11, 12, 13). For the reasons set forth below, the motion to dismiss is DENIED, and the motion to refer this matter to arbitration is DENIED.

## I. FACTS

Plaintiff Roosevelt Norman filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on August 4, 2004. (Case No. 04-11683). An order of discharge was entered on November 23, 2004, pursuant to 11 U.S.C. § 727. (Case No. 04-11683, Doc. 16). On July 3, 2006, Norman filed this adversary proceeding, alleging that Defendant Applied Card Bank

(hereinafter "Bank") has taken action in violation of the discharge injunction. (Doc. 1). Specifically, Norman alleges that the Bank has reported the indebtedness due it to credit reporting agencies as "Charged off account." (Doc. 1). Norman alleges that this was done for the purpose of attempting to collect a discharged debt in violation of the discharge injunction. See 11 U.S.C. § 524(a).

## II. MOTION TO DISMISS

The Bank's motion to dismiss is governed by the provisions of Rule 7012, FED. R. BANKR. P., which makes applicable here the provisions of Rule 12(b)(6), FED. R. CIV. P. It is well established that "a motion to dismiss is only granted when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Williams v. Bd. of Regents of the Univ. Sys. of Ga., 441 F.3d 1287, 1295 (11th Cir. 2006) (citing Harper v. Blockbuster Entm't Corp., 139 F.3d 1384, 1387 (11th Cir. 1998), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). It is also well established that a Bankruptcy Court may award both injunctive relief and damages for a willful violation of a discharge injunction. Hardy v. U.S. (In re Hardy), 97 F.3d 1384, 1388-89 (11th Cir. 1996); see also Shortsleeve v. Centurytel of Ala., LLC (In re Shortsleeve), 2006 WL 2571950, at *3 (Bankr. M.D. Ala. Sept. 6, 2006) (Williams, J.).

The Bank argues that the acts alleged by Norman cannot give rise to a cause of action, because the statements in question were not made to Norman. The discharge injunction is not limited to those actions which directly touch the debtor. Statements made to third parties with the intent to harm the reputation or standing of a debtor may indeed be more harmful than

2

statements made directly to a debtor.  The Court is mindful of the posture in which this case presently sits.  When considering a motion to dismiss, the Court must accept as true the facts as alleged in the complaint.

Having said this, the Court is troubled that the debtor has resorted, apparently in the first instance, to this Court for redress and does not appear to have availed himself of remedies under the Fair Credit Reporting Act (FCRA).[1]  If a credit report indicates that a debt is past due without also disclosing that the debt has been discharged, and therefore not legally enforceable, it would appear that the debtor could correct his credit report so that his bankruptcy discharge is also disclosed.[2]  While such action does not "undo" the action taken by the creditor, the Court may consider this fact when awarding damages.  Equally troubling is the surprising number of published cases on this point.[3]  The sheer number of such cases may suggest that some creditors

---

[1] See 15 U.S.C. § 1681 et seq.

[2] The FCRA provides a mechanism whereby consumers can dispute inaccurate or incomplete information on their credit reports.  Under the FCRA, if a consumer disputes the accuracy of information contained in a consumer file at a consumer reporting agency and the consumer notifies the agency of the dispute, the agency must conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period."  15 U.S.C. § 1681i(a)(1).

[3] See, e.g., Irby v. Fashion Bug (In re Irby), 337 B.R. 293 (Bankr. N.D. Ohio 2005) (reporting discharged debts as past due on credit report); Helmes v. Wachovia Bank, N.A. (In re Helmes), 336 B.R. 105 (Bankr. E.D. Va. 2005) (reporting the discharged debt as "over 120 days past due" on credit report); Smith v. Am. Gen. Fin. Inc. (In re Smith), 2005 WL 3447645 (Bankr. N.D. Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); In re Miller, 2003 WL 25273851 (Bankr. D. Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); Vogt v. Dynamic Recovery Servs. (In re Vogt), 257 B.R. 65 (Bankr. D. Colo. 2000) (reporting discharged credit card debts as still owed on credit report); Carriere v. Proponent Fed. Credit Union, 2004 WL 1638250 (W.D. La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report).

are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy. Given the facts as alleged in the complaint, the Court finds that the Bank, as the moving party, cannot show that the Plaintiff cannot prevail under any set of facts. For this reason, the motion to dismiss is DENIED.

### III. ARBITRATION

Citing to the arbitration provisions of the parties' contract, the Bank contends that its dispute with Norman should be sent to arbitration. The facts of this case are similar to those of a case decided by the Bankruptcy Court in the Southern District of Alabama in a reported decision handed down in 2000. See Grant v. Cole (In re: Grant), 281 B.R. 721, 724 (Bankr. S.D. Ala. 2000) (denying the defendant's motion to compel arbitration). In Grant, a debtor brought suit alleging a violation of the discharge injunction. The defendant in Grant, as the Defendant here, moved the Bankruptcy Court to refer the matter to arbitration, citing the provisions of a contract calling for arbitration. Id. at 723. The Court in Grant rejected the defendant's efforts to send the matter to arbitration, holding that:

> [T]he issues which are core proceedings are central to the Bankruptcy Code's main purpose and [the] bankruptcy courts should decide them. The issues directly affect determination of assets and distribution priorities. Noncore proceedings are more typically two party disputes which do not directly affect other creditors and thus could be effectively arbitrated. A violation of the stay or the discharge order lies in between these two. It affects only the debtor and one creditor directly, but impacts the effect and weight of court orders in general which affects all creditors. Allowing arbitrators to resolve a contempt matter would present a conflict with the Code because it would allow an arbitrator to decide whether or how to enforce a federal injunction under §§ 362 and 524. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).

4

> Allowing arbitration of alleged violations of court authority would leave nonjudicial third parties to punish abuse of the judicial system. Such a forced abdication of court power is not appropriate. . . . It cannot and should not be.

Grant, 281 B.R. at 724-25.

This Court is of the view that Grant was correctly decided and that the Bank's motion to refer this proceeding to arbitration should be denied the same reasons that arbitration was not ordered in that case. The question of whether a discharge injunction issued by the Federal Bankruptcy Court has been violated ought to be decided by a bankruptcy judge and not by an arbitrator. Therefore, the Bank's motion to compel arbitration is DENIED.

Done this the 29th day of September, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Cameron A. Metcalf, Attorney for Plaintiff
   Jayna Partain Lamar, Attorney for Defendants